**SIGNED.**

Dated: April 06, 2009

*/s/ James M. Marlar*
**JAMES M. MARLAR**
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| BCIF GROUP, L.L.C., | ) | No. 4:08-bk-17461-JMM |
| Debtor. | ) | **MEMORANDUM DECISION** |

Before the court is a motion for stay relief filed by secured creditor, Willow Bridge, L.L.C. (Dkt. #31). The Debtor filed a chapter 11 case on December 3, 2008. In its initial petition, the Debtor checked the "single asset real estate" box.

Section 362(d)(3) is the dispositive statute. It provides that, in a single asset real estate case, the court "shall grant relief" unless, within 90 days after the order for relief (here, March 3) the debtor has filed a plan or has commenced payments. Here, it is conceded that the Debtor has met neither condition within the allowed time limits.

Although the court extended the time for the Debtor to file its plan, that extension carried no stay relief implications, either in favor of or against the Debtor. It merely granted the Debtor additional time to file its plan. On April 3, 2009, the Debtor filed its plan.

Nor does the provision of § 362(d)(3) apply, which states that the debtor can gain 30 days after a court determines that the debtor is, in fact, a single-asset debtor. Since, that issue has never been in dispute, it cannot apply to the legal issues here.

That the Debtor may appear to be confused as to when, or under what conditions, it was required to file a plan, is not material to the instant dispute. The plan filing issues are progressing down a parallel track. The only impact that plan filing would have would be if the Debtor either (1) filed a plan within the first 90 days of the case, or (2) obtained an order within the

same 90 days extending the time to file a plan. Since no order was entered until March 16, 2009 (Dkt. #34), the Debtor was untimely in its efforts to gain the additional protections of the automatic stay.

Thus, the stay shall be lifted.

A separate order will be entered. FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.

COPIES served in the manner indicated below on the date signed above:

Scott D. Gibson
Attorney for Debtor                     Email: SGibson@gnglaw.com

Brenda Moody Whinery and David Hindman  Email: bwhinery@mcrazlaw.com
Attorneys for Willow Bridge LLC         Email: dhindman@mcrazlaw.com

Edward K. Bernatavicius
Office of the U.S. Trustee              Email: edward.k.bernatavicius@usdoj.gov

By  /s/ M.B. Thompson
    Judicial Assistant

2

Case 4:08-bk-17461-JMM    Doc 41    Filed 04/06/09    Entered 04/06/09 15:36:42    Desc
Main Document    Page 2 of 2